JONES, J.
The plaintiff in error seeks in this case to secure a reversal of a judgment against it entered in the court of common pleas in favor of the defendant in error for damages arising from injury to the person and clothes of defendant in error by reason of a collision between the motor truck belonging to the plaintiff in error and the automobile touring car of the defendant in error.
The collision took place while plaintiff was driving north on the east side of Reading road at six o’clock P. M., October 1, 1914, and the motor truck of the defendant was being driven south on the west side of Reading road and was turned diagonally into Lexington avenue. Plaintiff contended that the motor truck undertook to make a short cut into the north side of Lexington avenue without warning and without lights, so that it was impossible for him to avoid the collision although he claims to have been traveling at a speed not to exceed ten miles per hour, and that he swerved to the left as soon as he saw that the truck was being run immediately in front of him.
Two claims of error are chiefly relied upon by plaintiff in error in argument: that the verdict is contrary to the weight of the evidence; and that the court erred in its charge to the jury.
The record shows the conflict of evidence usual in such cases. It is the distinct 'province of the jury to determine the facts in a case of this character, and to fix the blame, where each party as in this case is charged with negligence. The court can interfere with the verdict of the jury only in cases where it is not sustained by the weight of the evidence.
A careful consideration of the record fails to convince the court that this verdict is not sustained by the weight of the evidence, but on the contrary the jury seem to have been justified in their finding that the collision was caused by the fault of the defendant below and that the plaintiff was free from negligence.
The plaintiff in error contends that the court erred in using the following language in its charge to the jury:
“I should have said, gentlemen of the jury, in this charge, *637 that in turning to the left, when turning to the left, as it was in this ease, no turn shall be made until the opposite half of the lateral street is reached. So, therefore, gentlemen, under the law, the driver of the truck would be required to go below the half of Lexington avenue, before he turned into Lexington avenue. ’ ’
This charge was based upon Sec. 680 of the traffic ordinance of the city of Cincinnati, which is in part as follows:
“Section 680. Traffic Regulations. Right-of-way. The right of way of vehicles using the streets of the city shall as far as practicable, be subject to the following regulations: * * * In turning corners, when to the right, vehicles shall be kept to the right; when to the left no turn shall be made until the opposite half of the lateral street is reached. ’ ’
Plaintiff in error says that the charge as given omitted the qualification which the ordinance contains, which provides these regulations “as far as practicable.”
The record shows that there was no dispute as to the fact that Reading road was sixty feet in width and that Lexington avenue into which the truck was being turned was fifty feet in width; that no traffic interfered; and that there could be no finding by the jury as a matter of fact, nor was evidence offered to show, that it was not entirely practicable in this ease for the driver of the truck to have observed the strict letter of the ordinance and avoided turning until he had reached the middle of Lexington avenue, but that he failed to do so.
While this paragraph of the charge might have been more accurately stated, it is not drawn so that it required any particular finding by the jury, and, taken in connection with the entire charge we do not think that it can be considered as error prejudicial to the rights of the defendant below.
Objection is also made as to the amount of the recovery. But in this respect the verdict seems to be sustained by the evidence.
A full consderation of the entire record fails to establish any reversible error to the prejudice of plaintiff in error.
Judgment is therefore affirmed.
Gorman and Hamilton, JJ., concur.